MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azita Badri, | No.   CV-26-01999-PHX-JCH (DMF) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Todd M. Lyons, et al., | |
| Respondents. | |

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging her immigration detention.[1]

Petitioner is a native and citizen of Iran who entered the United States on a student visa in 1995.  In 2001, she was detained by Immigration and Customs Enforcement ("ICE"), placed in removal proceedings "as a visa overstay," and subsequently released on an order of supervision.  In 2004, an immigration judge granted her withholding of removal to Iran and ordered her removed to any other country that would accept her.  For over two decades, she lived in the United States under an order of supervision.  On March 1, 2026, she was detained by ICE officials at the airport.  She remains in custody.

Petitioner alleges Respondents have not provided notice of the reasons for the revocation of her release or complied with the applicable regulations regarding revoking

---

[1] Petitioner also filed an Application for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture.  Therefore, the Court will deny the Application without prejudice.

Orders of Supervision: 8 C.F.R. § 241.4(l)(1)–(2) and 8 C.F.R. § 241.13(i).  Petitioner also alleges her removal is not substantially likely to occur in the reasonably foreseeable future and, as a result, her detention is impermissible.  *See Zadvydas v. Davis*, 533 U.S. 678, 689 (holding that 8 U.S.C. § 1231 "does not permit indefinite detention").  She seeks immediate release or a bond hearing.

Respondents must show cause why the Petition should not be granted.  Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1)     Petitioner's Application for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2)     Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(3)     If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)     Respondents must show cause no later than **April 1, 2026**, why the Petition should not be granted.

(6)     Petitioner may file a reply no later than **April 3, 2026**.

Dated this 25th day of March, 2026.

John C. Hinderaker
United States District Judge

- 2 -